**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Shannon F. Montgomery, Respondent,

v.

Justin Clark Montgomery, Appellant.

Appellate Case No. 2018-001233

Appeal From Kershaw County
Dorothy Mobley Jones, Family Court Judge

Memorandum Opinion No. 2019-MO-027
Heard May 9, 2019 – Filed May 29, 2019

**APPEAL DISMISSED AND REMANDED**

Nicholas Mermiges and Jaime Lee McSweeney, both of the Law Offices of Nick Mermiges, LLC, of Columbia, for Appellant.

Rebecca West, of Harling & West, LLC, and Ashby L. Jones, of Kinard & Jones, LLC, both of Lexington, for Respondent.

**PER CURIAM:** Appellant Justin Montgomery (Father) appeals from a family court discovery order that compels a psychosexual evaluation of Father, an

evaluation Father contends mandates a penile plethysmograph (PPG) test. The family court order does not directly mandate Father undergo a PPG test, but it does defer the necessity of a PPG to the examiner. We dismiss the appeal as interlocutory and remand to the family court with the following instructions: Father shall undergo the psychosexual assessment, not to include a PPG test. If— after performing the psychosexual assessment—the examiner determines that a PPG test is necessary, and if Father objects to the PPG test, the family court shall conduct a hearing at which all legal (including constitutional challenges) and factual matters shall be addressed. The family court shall then issue an order addressing all issues and determine whether a PPG test is proper and necessary under the circumstances and law. The matter shall then proceed in accordance with the order of the family court, as provided by law.[1]

We are troubled by the conduct of the parties and their focus on attacking each other, with little to no regard for the welfare of their minor children. Father's conduct, well chronicled in the record, raises legitimate concerns necessitating a psychosexual assessment, particularly given that he excluded the guardian *ad litem* and Respondent Shannon Montgomery (Mother) from participating in the first psychosexual evaluation despite the examiner's repeated requests to talk to them. Conversely, Mother's actions in obtaining the incriminating information about Father are disturbing. We fully recognize the heightened and emotionally-charged pressures present in family court litigation. Those pressures, however, in no manner diminish the paramount goal of the family court to ensure that the best interests of children are served. Consistent with this Court's admonishment from

---

[1] It is well-settled in South Carolina that an appeal from a discovery order may be pursued once a party refuses to comply with the order and is held in contempt of court. *See, e.g.*, *Davis v. Parkview Apartments*, 409 S.C. 266, 280, 762 S.E.2d 535, 543 (2014); *id.* at 290–91, 762 S.E.2d at 548 (Pleicones, J., concurring in part and dissenting in part) ("On appeal from the contempt order, the contemnor may argue that the contempt finding must be reversed because the underlying discovery order was itself improper."); *see also Ex parte Whetstone*, 289 S.C. 580, 580, 347 S.E.2d 881, 881–82 (1986) (per curiam) ("An order directing a party to participate in discovery is interlocutory and not directly appealable under S.C. Code Ann. § 14-3-330 (1976). . . . Instead of appealing immediately, a []party has two alternatives. He may either comply with the discovery order and waive any right to challenge it on appeal, or refuse to comply with the order and appeal after he is held in contempt for his failure to comply.").

the bench during oral arguments, counsel would do well to remember this litigation regarding custody and visitation matters is about determining what is best for the children, not the personal destruction of the other parent.

**APPEAL DISMISSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, FEW, JJ. and Acting Justices James Edward Lockemy and Stephanie P. McDonald, concur.**